THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PAYTON LAMONT ELLIS**                                                                 **PLAINTIFF**

**v.**                                                **CIVIL CASE NO. 4:23-CV-143-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                     **DEFENDANT**

## OPINION AND JUDGMENT

Payton Lamont Ellis seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income, a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on February 7, 2024. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

gainful activity.[3]  Second, plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7]  If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## **Commissioner's Decision**

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff has the severe impairments of diabetes, vascular impairments, obesity and spondylosis. At step three, he found that the plaintiff did not have an impairment or combination of impairments that

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

meets or medically equals the severity of a listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform sedentary work with the following limitations: "he can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, and crouch. He can never kneel or crawl. He can occasionally climb ramps and stairs." At step four, the ALJ found that the plaintiff is unable to perform any of his past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of lens inserter, tube inserter and charge account clerk. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

Citing *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000) for the proposition that the ALJ must consider all the record evidence and may not "pick and choose" only the evidence supporting his position, the plaintiff argues that the ALJ failed to consider all of the medical evidence, specifically certain treatment notes from medical visits on January 10, 2022, February 2, 2022, and December 12, 2022 showing complaints of leg pain associated with the plaintiff's vascular impairments at a level 10/10, complaints that symptoms are exacerbated by walking and weight bearing, and a history of "Rutherford's stage 4 with progressive symptoms." According to the plaintiff, these treatment notes support a limitation to less than sedentary exertional abilities. However, this case is distinguishable from *Loza*, in which the ALJ wholly failed to consider five categories of evidence, such as the VA's 100% disability rating which, at the time, ordinarily should have been given great weight. 219 F.3d at 394-98. That is far from the case

here, where in her decision the ALJ discussed the medical records containing the subject treatment notations.

As the ALJ noted, the January 10, 2022 treatment notes reflect normal neurologic and musculoskeletal exams and gait; the February 2, 2022 treatment notes reference the plaintiff being "status-post successful revascularization of the right lower extremity with improving symptoms" with no cardiovascular or serious peripheral vascular symptoms; and the December 12, 2022 treatment notes reflect normal cardiovascular and peripheral vascular exams. The ALJ also noted a report of 0/10 pain on November 14, 2022 as well as normal motor skills and musculoskeletal exam findings. When discussing the consistency of the plaintiff's statements about the severity of his vascular impairments with the evidence of record, the ALJ acknowledged the plaintiff's treatment for such impairments including revascularization with stenting but noted the treatment records show generally good functioning upon exam with treatment. This evidence, along with other evidence discussed by the ALJ, constitutes substantial evidence supporting the ALJ's decision.

With respect to the specific notations referenced by the plaintiff in her argument, "[t]he ALJ is not required to recite every scrap of evidence which the claimant considers helpful to [his] case." *Hall v. Barnhart,* 31 F. App'x. 839 (5th Cir. 2002) (per curiam). "That the ALJ did not specifically cite each and every piece of medical evidence considered does not establish an actual failure to consider the evidence." *Castillo v. Barnhart,* 151 F. App'x. 334, 225 (5th Cir. 2005) (per curiam).

The court has no reason to believe that the ALJ failed to consider the referenced treatment notations simply because she did not recite them in her decision, nor does the court

5

have reason to believe that if the ALJ had cited those notations, she would have assessed a more restrictive RFC. The plaintiff's argument essentially amounts to a request that the court reweigh the evidence in her favor, which the court may not do. There is no error here.

For these reasons and for those announced on the record at the conclusion of oral argument, the Commissioner's decision is AFFIRMED.

**SO ORDERED**, this the 7th day of February, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE